UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-21843-MOORE/Elfenbein

**SAMUEL LEE SMITH, JR.**,

    Plaintiff,

v.

**JAVIER A. ENRIQUEZ**,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on Plaintiff Samuel Lee Smith, Jr.'s civil rights Complaint filed *pro se* pursuant to 42 U.S.C. § 1983 (the "Complaint"), ECF No. [1], and Motion for Leave to Proceed *in forma pauperis* (the "Motion"), ECF No. [3]. The Honorable K. Michael Moore has referred this case to me "to take all necessary and proper action as required by law regarding all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters." ECF No. [6]. Because Plaintiff has not paid the Court's filing fee, the screening provisions of 28 U.S.C. § 1915(e) apply. Under that statute, courts are permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). After reviewing the pleadings, record, and relevant law, I recommend that the Complaint, **ECF No. [1]**, be **DISSMISED WITHOUT PREJUDICE**, pursuant 28 U.S.C. § 1915(e)(2)(ii) and (iii), and that the Motion, **ECF No. [3]**, be **DENIED as moot**.

CASE NO. 24-CV-21843-MOORE/Elfenbein

**I.      BACKGROUND**

The factual allegations in the Complaint are remarkably brief. Plaintiff alleges that he experienced "pain[,]" "suffering[,]" and "emotional distress" when Defendant Javier A. Enriquez ("Defendant") did not grant him a hearing or a temporary injunction. ECF No. [1] at 3. Plaintiff argues that Defendant's decision violated his constitutional right to due process and amounted to reversible error. *Id.* For his perceived injuries, Plaintiff seeks "Justice to BE SERVED" and monetary damages for "pain and suffering[.]" *Id.*

**II.     LEGAL STANDARDS**

To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a) (alterations added). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). More importantly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests[.]" *Twombly*, 550 U.S. at 555 (alteration adopted; other alteration added; citation and quotation marks omitted).

Courts must "construe *pro se* pleadings liberally, holding them to a less stringent standard than those drafted by attorneys." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (citing *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003)). Still, a *pro se* party must abide by "the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

CASE NO. 24-CV-21843-MOORE/Elfenbein

**III.    DISCUSSION**

As discussed in this section, I conclude that the Complaint suffers from two deficiencies that compel its dismissal, and as a result, the Motion for Leave to Proceed *in forma pauperis* should be denied as moot.  I explain my reasoning below.

First, Plaintiff alleges Defendant violated his Fourteenth Amendment right to due process but fails to provide sufficient factual allegations to state such a claim.  Second, the Complaint's sole Defendant appears to be a judicial officer absolutely immune from suit under the doctrine of judicial immunity.  I address each deficiency in turn.

> 1.    ***Failure to State a Claim***

Reading the pleading *very* liberally, I construe the Complaint as alleging a violation of the Due Process Clause of the Fourteenth Amendment on the ground that Defendant denied Plaintiff a hearing and temporary injunction.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed[.]" (quotation omitted)).  The Due Process Clause protects individuals against deprivations of "life, liberty, or property, without due process of law."  U.S. Const. Amend. XIV.  "A § 1983 action alleging a procedural due process clause violation requires proof of three elements: a deprivation of a constitutionally-protected liberty or property interest; state action; and constitutionally inadequate process."  *Cryder v. Oxendine*, 24 F.3d 175, 177 (11th Cir. 1994).  As to the second element of a procedural due process claim, "the state's action is not complete until and unless it provides or refuses to provide a suitable postdeprivation remedy."  *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (footnote call number omitted).  And as to the third element, it is recognized that "[d]ue process is a flexible concept that varies with the particular situation." *Cryder*, 24 F.3d at 177.

3

Plaintiff fails to satisfy any element of the standard mentioned above. First, Plaintiff does not attempt to articulate — let alone identify — a "constitutionally-protected liberty or property interest" of which Defendant deprived him. *Id.* Next, Plaintiff does not allege that Defendant refused to provide him with "a suitable postdeprivation remedy." *Hudson*, 468 U.S. at 533. Finally, Plaintiff does not allege that the process available to address the deprivation of his unidentified "constitutionally-protected liberty or property interest" was inadequate. *Cryder*, 24 F.3d at 177. My conclusion should come as no surprise to Plaintiff, considering the entirety of his factual allegations consists of roughly four incomplete sentences that provide the Court with neither fact nor detail concerning the circumstances giving rise to the Complaint. *Iqbal*, 556 U.S. at 678 (holding that a complaint fails to state a claim if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" (alteration adopted; quoting *Twombly*, 550 U.S. at 555, 557)). In sum, Plaintiff's Complaint, and the singular claim contained therein, should be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(ii) for failing to plausibly allege grounds on which the Court could grant relief.

    2.    *Judicial Immunity*

The Complaint's pleading deficiency aside, it appears that the doctrine of judicial immunity bars Plaintiff's sole claim for relief. As previously mentioned, Plaintiff sues one Defendant — Javier A. Enriquez — for denying him a hearing and a temporary injunction. ECF No. [1] at 3. While Plaintiff does not explicitly state that Defendant is a judge, the nature of the allegations and the fact that Plaintiff lists a courthouse as Defendant's address indicate that Defendant is a judge. *See id.*; *compare* Judicial Section Details, (last accessed May 15, 2024), https://www.jud11.flcourts.org/Judge-Details?judgeid=2160&sectionid=94 (listing the address for the Honorable Javier Enriquez as "Lawson E. Thomas Courthouse . . . 175 N.W. 1st Ave.,

Miami, FL 33128"), *with* ECF No. [1] at 1-2 (listing Defendant's address as "Lawson E[.] Thomas Court Center . . . 175 NW 1st Ave. Miami FL 33128"). Assuming my supposition is correct, I alternatively recommend that the Complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(iii) as Plaintiff appears to seek monetary damages for pain and suffering from a defendant who is immune from such relief. *See* ECF No. [1] at 3.

It is well-established that judges are entitled to absolute judicial immunity from damages for acts taken in their judicial capacity unless they act in the absence of all jurisdiction. *See Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) ("Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity[.]"). "A judge will not be deprived of immunity because the action [s]he took was in error, was done maliciously, or was in excess of h[er] authority; rather, [s]he will be subject to liability only when [s]he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (footnote omitted; quoting *Bradley v. Fisher*, 80 U.S. 335, 336 (1871)).

Fundamentally, decisions to grant or deny relief are for judges to make. Plaintiff's generalized dissatisfaction with the ordinary functioning of the judiciary will not serve to circumvent the doctrine of judicial immunity. *See* ECF No. [1] at 3. Plaintiff, therefore, fails to plausibly allege that Defendant acted in the "clear absence of all jurisdiction," and the doctrine of judicial immunity applies. *Stump*, 435 U.S. at 356-57 (footnote omitted; quoting *Bradley*, 80 U.S. at 336).

CASE NO. 24-CV-21843-MOORE/Elfenbein

## IV.     CONCLUSION

For the foregoing reasons, I respectfully **RECOMMEND** that**:**

1. Plaintiff's civil rights complaint filed *pro se* pursuant to 42 U.S.C. § 1983, **ECF No. [1]**, be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(ii) and (iii).

2. Plaintiff's Motion for Leave to Proceed *in forma pauperis*, **ECF No. [3]**, be **DENIED AS MOOT**.

3. Plaintiff's Motion for Referral to Volunteer Attorney Program, **ECF No. [4]**, be **DENIED AS MOOT**.

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable K. Michael Moore, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida on May 16, 2024.

_____
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

CASE NO. 24-CV-21843-MOORE/Elfenbein

cc:  Samuel Lee Smith, Jr., *PRO SE*
 16614 SW 99th Court
 Miami, FL 33157
 Email: gymsam7@gmail.com